IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 03-01355-PSF-PAC

ELIZABETH BARR,

    Plaintiff,

v.

JO ANNE B. BARNHART, Commissioner of Social Security,

    Defendant.

---

**ORDER ON MOTION FOR AWARD OF ATTORNEYS' FEES
UNDER 42 U.S.C. § 406(b)**

---

This matter comes before the Court on the motion of plaintiff's attorney for an order authorizing the payment of a reasonable attorneys' fee under 42 U.S.C. § 406(b) not to exceed 25% of the past due benefits awarded to plaintiff (Dkt. # 25), filed June 8, 2007. The defendant has filed a response (Dkt. # 26) stating that the Commissioner does not object to the request, provided that the Court award "no more than a reasonable 406(b) fee" pursuant to *Gisbrecht v. Barnhart*, 535 U.S. 789, 794-96 (2002). For the reasons set forth below, the motion is granted but only as further set forth in this Order.

In an Order entered May 19, 2004, on plaintiff's appeal from the decision of the Commissioner denying social security benefits, this Court reversed the decision of the Commissioner and remanded the case to the Commissioner for further proceedings. On July 28, 2004, the Court granted the plaintiff's motion to allow attorneys fees in the

amount of $4,533.70 to be paid to plaintiff's attorney pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 (Dkt. # 24).

By notice dated December 19, 2006, (Exhibit B to Motion for Attorneys' Fees) plaintiff was notified by the Commissioner of a determination of disability, and was awarded past due benefits to herself of $87,425 (*see* Exhibit B at 2).  By notice dated February 12, 2007, the plaintiff was also awarded back benefits of $38,448 for her dependent son (*see* Exhibit B at 6).  Thus, the total amount of back benefits awarded to plaintiff and her family total $125,873.

Of the amount awarded to plaintiff, the Commissioner apparently withheld $5,300 to pay attorneys fees to plaintiff's attorney pursuant to 42 U.S.C. § 406(a) (Exhibit B at 2).  The present motion acknowledges that the attorney received $5,300 directly from the Commissioner, and suggests that any additional allowed fees be reduced by that amount (Motion at 3, n.1).

Of the amount awarded to plaintiff's dependent son, it appears no amount was withheld by the Commissioner to pay attorneys' fees.  However, the pending motion reflects that on March 22, 2007, plaintiff herself wrote a check payable to her attorney in the amount of $9,612 (Exhibit E to Motion) reflecting payment of 25% of the amount awarded for her dependent son.  Those funds have been deposited into the attorney's trust account (Motion at 3).

The motion also states that the December 19, 2006 notice indicates that the Commissioner withheld $21,856.25 from the award to plaintiff in anticipation of this fee

request from counsel pursuant to 42 U.S.C. 406(b) (Motion at 3), although the Court does not find such indication in the exhibit attached to the motion.

Counsel now requests the Court to approve a total attorneys' fee award of $26,168.25 as a reasonable attorneys' fee under 42 U.S.C. § 406(b), to be reduced by the $4,553,70 plaintiff's counsel has already been paid under EAJA, for what counsel describes as a "net fee" of $21,634.55 (Motion at 11). However, by the Court's calculations, if it approves now approves a total fee of $26,168.25 as requested, the return of the EAJA fee to plaintiff will still leave counsel with a net fee of $26,168.25.

The Court notes, however, that plaintiff's counsel has already received $9,612 directly from plaintiff, $4,553.70 from the EAJA award, and $5,300 from the Commissioner, a total of $19,465.70. For counsel to receive a net fee of $26,168.25, as requested, it would be more straightforward for the Court to direct the Commissioner to pay plaintiff's attorney an additional $6,700.55 from any withheld funds, and direct the remainder of the withheld funds to be paid by the Commissioner to plaintiff, and permit counsel to retain those fees he has already received from the Commissioner, the EAJA and the plaintiff.

As set forth in *Gisbrecht, supra*, "as part of a its judgment, a court may allow a reasonable fee . . . not in excess of 25 percent of the . . . past-due benefits awarded to the claimant. § 406(b)(1)(A). The fee is payable out of, and not in addition to, the amount of [the] past-due benefits. *Ibid.* Because benefits amounts figuring in the fee calculation are limited to those past due, attorneys may not gain additional fees based

on a claimant's continuing entitlement to benefits." 535 U.S. at 794 (internal quotation marks omitted).

Here, plaintiff was awarded past benefits through June 2006. Counsel essentially requests that he be allowed to receive an award of fees equal to approximately 20% of the total benefits awarded to plaintiff. The amount requested is based upon a fee agreement between counsel and the plaintiff, and *Gisbrecht* states that in calculating fees it would be error not to give "primacy" to such agreements. 535 U.S. at 793. The fee agreement between plaintiff and counsel provides that counsel will receive as his fee "an amount equal to twenty-five percent (25%) of the past-due benefits which are awarded to me *and my family* in the event my case is won." (Exhibit A to Motion).

According to the Court's calculation, 25% of the total award to plaintiff and her family comes to $31,468,25 (25% of $125,873). If counsel is now awarded $26,168.25, and is permitted to retain the $5,300 already paid by the Commissioner, he would receive a total of $31,468,25, or 25% of the total award.

Plaintiff's motion states that counsel expended 61.16 hours on this case (Motion at 10). Were the Court to allow the full 25% of the total award as an attorneys' fee ($31,468,25), the hourly rate would exceed $514.00 per hour. This rate would be excessive in the Court's view. Here, the Court finds that counsel is entitled to a total of $26,168.25, the amount he actually requests in the motion. The amount requested by counsel ($26,168.25) reduces the hourly rate and brings the total fee within a reasonable range.

The Court finds that the fees requested here are reasonable in light of the considerations set forth in *Gisbrecht* for evaluating such fee arrangements. 535 U.S. at 808-09. The Court finds the discussion of these factors as set forth in plaintiff's motion provides a persuasive indication that the amount of fees requested here is reasonable in this case. Moreover, defendant makes no objection to such an award.

Accordingly, the Motion for an Award of Attorney's Fee (Dkt. # 25) is GRANTED in part. The Court approves the award of a **total attorneys' fee of $26,168.25**, with directions that: 1) the Commissioner pay plaintiff's counsel $6,700.55 from any withheld funds, 2) the Commissioner shall pay any balance of retained funds thereafter to plaintiff, and 3) counsel shall retain the amounts previously paid to him by plaintiff, the Commissioner, and pursuant to EAJA.

DATED: June 25, 2007

BY THE COURT:

*s/ Phillip S. Figa*
_____
Phillip S. Figa
United States District Judge